IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REAL PROPERTY LOCATED AT ) <br> 3503 ROLLING HILLS DRIVE, ) <br> BLANCHARD, OKLAHOMA 73013, ) <br> ) <br> Defendant. ) | Case No. CIV-15-494-C |

## MEMORANDUM OPINION AND ORDER

Plaintiff seeks forfeiture of the Rolling Hills property asserting it is proceeds traceable to illegal drug exchanges. Plaintiff has filed a Motion for Summary Judgment asserting the undisputed facts demonstrate it is entitled to judgment. Although the time to respond has passed, no response has been filed on behalf of Defendant. The Court previously granted a continuance of the deadlines in this matter to permit the parties to attempt settlement of the matter. However, the deadlines set forth in that continuance have long since passed with no response by Defendant.

In May of 2013, the property was purchased by Anthony Cox and his wife, using funds provided by Mr. Cox. On May 27, 2014, Mr. Cox was indicted on charges of conspiracy to distribute methamphetamine and two counts of conspiracy to launder money. The conspiracy charge alleged a start date of March 3, 2013, and an end date of May 24, 2014. Mrs. Romero-Cox, Anthony Cox's wife, was also charged with a felony. On January 28, 2015, Mr. Cox pleaded guilty to a two-count superceding information which charged him

with conspiracy to distribute methamphetamine from March 3, 2013, continuously through July 10, 2014, in violation of 21 U.S.C. § 846. On June 26, 2014, Mrs. Romero-Cox executed a quit claim deed conveying the Rolling Hills property to Diana Herrera-Jaramillo. No payment was made in exchange for the quit claim deed. Ms. Herrera-Jaramillo is Mr. Cox's mother. Mrs. Romero-Cox has waived any claim or interest in the Rolling Hills property and agreed to not assist any other person in pursuing a claim. The criminal charges against Mrs. Romero-Cox were dismissed on February 5, 2015.

As noted above, Plaintiff seeks forfeiture of the property pursuant to 21 U.S.C. § 881, asserting it was obtained using proceeds traceable to Mr. Cox's criminal actions. When this matter was filed, Diana Herrera-Jaramillo filed a verified claim asserting she was the sole owner of the property. After reviewing the evidence submitted by Plaintiff, the Court finds the evidence establishes the property is subject to forfeiture as there is a clear nexus between the property and the criminal offense. The burden now shifts to Ms. Herrera-Jaramillo to establish that she is an innocent owner. See 18 U.S.C. § 983(d)(1). As noted above, Ms. Herrera-Jaramillo has not responded to the Motion for Summary Judgment. In any event, Plaintiff has provided well-supported facts demonstrating that Ms. Herrera-Jaramillo is not an "owner" under 18 U.S.C. § 983(d)(6), as she received the property through a fraudulent conveyance. Further, as demonstrated by Plaintiff in the Motion, even if Ms. Herrera-Jaramillo could establish valid ownership, she cannot establish herself as an "innocent owner" as required to prevent the forfeiture.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (Dkt. No. 27) is GRANTED. The property is subject to forfeiture and claimant is not an innocent owner. Therefore, Ms. Herrera-Jaramillo's claim to the property is dismissed. A separate Judgment shall issue.

IT IS SO ORDERED this 10th day of January, 2017.

ROBIN J. CAUTHRON
United States District Judge